# MARY A. POTTS v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

January 30, 1914.

Nos. 18,312—(198).

**Ejectment — eminent domain — excessive damages.**

In an action in ejectment, by the answer of defendant turned into a condemnation proceeding under sections 5423, 5424, G. S. 1913, it is *held* that the award of damages is excessive, and that a new trial should be granted unless plaintiff consents to a reduction of the verdict.

Action in the district court of Mille Lacs county. The facts are stated in the opinion. The case was tried before Nye, J., who at the close of the testimony denied defendant's motion that the court instruct the jury to return a verdict for nominal damages in favor of plaintiff, and a jury which returned a general verdict for $6,500 in favor of plaintiff and rendered a special verdict that the total rental value of the premises occupied by the dock was $600; that the value of the dock site itself as a permanent acquisition was $5,000, and the damages sustained by plaintiff as to that part of block 1 as to which the court instructed title was in the plaintiff was $500. Defendant's motion for judgment in favor of plaintiff and against defendant for nominal damages only as to each of the several pieces of property involved in the action, notwithstanding the verdict, or for a new trial, was denied on condition that plaintiff consent to a reduction of the verdict to $5,040. From the order denying defendant's motion for judgment notwithstanding the verdict or for a new trial,

[1] Reported in 145 N. W. 161.

it appealed. Affirmed on condition that plaintiff consent to a reduction of the verdict to $3,500.

*John L. Erdall* and *Fryberger, Fulton & Spear,* for appellant.
*Rollo N. Chaffee* and *Ernest C. Carman,* for respondent.

BROWN, C. J.

Defendant's line of railroad extends near the shore of Mille Lacs lake and through the platted townsite of Potts Town, located near the station of Waukon, in Mille Lacs county. After the construction of the main line defendant, without first having acquired the right so to do, constructed a spur track to the lake shore, and appropriated a tract of land belonging to plaintiff about 50 feet wide and 110 feet long, extending from the shore into the lake to the point of navigation, which was made into a dock suitable for the transfer of freight from cars to lake boats, and from the latter to cars for shipment. Thereafter plaintiff brought this action in ejectment to recover possession of the land so taken, and by the answer defendant turned the action into one for the condemnation of the land, under sections 5423, 5424, G. S. 1913. So that the trial below presented the single issue of the amount of plaintiff's damage. The jury returned a verdict for $6,500. On a motion for a new trial on the ground of excessive damages, the trial court, because of the fact that some of the items of damage claimed were not sustained by sufficient evidence, as a condition to denying a new trial, ordered the verdict reduced to $5,040, which reduction was accepted by plaintiff, and a new trial was denied. Defendant appealed.

The assignments of error present two questions, namely: (1) Whether the trial court erred in its rulings upon the competency of certain witnesses called by plaintiff upon the question of the value of the land, and (2) whether the verdict as reduced is still an excessive award of damages. We pass the first point with the remark that the question of the competency of witnesses in cases of this kind rests largely in the discretion of the trial court, in the exercise of which we discover no error.

2. The second question is substantial, and has received careful consideration. We have examined the record fully and reach the con-

clusion that the verdict, even as reduced, is entirely out of proportion to what is fair and just.   The tract of land taken by defendant is quite small, and extends from the lake shore to the point of navigation in the lake.   The land itself is of course of little value, its value consisting chiefly in its location and adaptability for a particular use, namely, as a dock to be used in connection with lake traffic.   The land taken does not occupy all the space in the tract available for this purpose, and plaintiff is not wholly, or even substantially, deprived of the right to construct another dock connecting with the same point of navigation, nor in any way deprived of the right of access to the lake.   The shipments of freight over the lake are not large, and the evidence fails to show that prospects in this respect are particularly bright for the future.   Prior to the advent of the railroad the land in question together with the wharfage rights were undoubtedly of inconsiderable value, and they became of special value only by its appearance in the locality.   And though the railroad company in such cases must expect to pay the enhanced value of land taken, the same being brought about by the construction of its line of road, there is such a thing as overreaching the point of fairness, and imposing upon the company the payment of fanciful rather than real values.   In this case we conclude, from the evidence, that the point of fairness was exceeded by the verdict, even as reduced, and that there should be a further reduction as a condition to a denial of a new trial.   The case is wholly unlike an action for personal injuries, where this court interferes with the amount of the verdict only in exceptional cases.   In such actions there necessarily is often much uncertainty respecting the nature and character of the injury complained of, and the suffering endured by the injured party, and we as a rule leave the matter of damages to the jury and trial court.  But in a case like that at bar, there is no difficulty in ascertaining the value of the land, and the relative injury to the complaining party.   While to an extent the damages are more or less speculative, they may be measured with a degree of approximate certainty, and the reason for giving special weight to the opinion of the trial judge and jury in the other class of cases does not apply.

It is therefore ordered that the order appealed from be reversed

and a new trial granted unless the plaintiff shall within 10 days after the cause is remanded consent to a reduction of the verdict to the sum of $3,500. If so reduced the order appealed from will be and it is affirmed.

It is so ordered.